UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Richard Larson, Jr., | Case No. 19-cv-3028 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| WCCO; NFL; and 93X/KXXR, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636 and upon Plaintiff Richard Larson, Jr.'s Application to Proceed in forma pauperis. [Docket No. 2].

Plaintiff Richard Larson, Jr., did not pay the filing fee for this matter; instead, he applied for in forma pauperis (hereinafter "IFP") status. (See, IFP Application [Docket No. 2]). That IFP application is now before the Court, and it must be considered before any other action may be taken in this matter.

After review of Larson's IFP Application, this Court finds that the IFP Application provides insufficient, and in some respects conflicting, information for this Court to determine whether or not Larson qualifies financially for IFP status. (See, Id.). Larson does not report any liquid assets (cash, checking or savings accounts, etc.), but he does state that he has earned an average income of $2,500–$5,000 per month over the past twelve months. (See, Id.). Although Larson's IFP Application is in considerable disarray, it appears that Larson's income substantially exceeds his monthly expenses. (See, Id. at 4–5).

Under different circumstances when an IFP Application provides incomplete or conflicting information the Court may order a plaintiff to provide an amended IFP Application; however, in

the present case, the Court finds such an endeavor unnecessary. Regardless of whether or not Larson qualifies financially for IFP status, the undersigned would recommend dismissing the present action for the reasons discussed herein.

It is well settled that an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The factual allegation in Larson's Complaint are as follows:

> I have been violated numerous [sic] times and the [f]ootball game on Dec. 2nd 2019, [t]opped it all off. Where I was staying, I doubt, had anything to do with it what so ever [sic]. There is always good [n]ews on WCCO.  NO news is good news!

(Compl., [Docket No. 1], at 3–4). Based on those allegations, Larson seeks "[a] gag order and an Attorney as well as, as much compensation as possible." (Id. at 5).

The problems with the pleading are many and obvious. Most importantly, Larson failed to allege grounds for the Court's subject matter jurisdiction. See, Compl., [Docket No. 1], at 3; Fed. R. Civ. P. 8(a)(1). "It is well settled that the plaintiff bears the burden of establishing subject matter jurisdiction." Nucor Corp. v. Nebraska Public Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989).

Despite having the burden of demonstrating this Court possesses the requisite subject matter jurisdiction, Larson declined to complete the portion his check-the-box Complaint which asks the prospective plaintiff to select the basis for "federal court jurisdiction." (See, Compl., [Docket No. 1], at 3). Larson simply fails to allege any grounds upon which this Court could reasonably infer that it possesses the subject matter jurisdiction necessary to adjudicate the purported claims in his Complaint. Although the Court is required to liberally construe pro se pleadings, Larson's Complaint is devoid of any factual allegation upon which this Court could draw a reasonable inference which would support a basis for finding that this Court possesses the subject matter jurisdiction necessary to adjudicate the purported claims in Larson's Complaint. This failure alone represents a sufficient basis to recommend dismissing the present Complaint. See, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Further, it is not clear from the Complaint how, specifically, Larson was harmed, nor is it clear why Larson believes the Defendants named to this action are responsible for that harm. The entire legal and factual basis for the lawsuit remains a mystery. This action simply cannot go forward with so little alleged. See, Fed. R. Civ. P. 8. Accordingly, it is recommended that this action be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed in forma pauperis of Plaintiff Richard Larson, Jr., [Docket No. 2], be **DENIED as moot**.

Dated: January 2, 2020

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).